UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PELEUS INSURANCE COMPANY,

                Plaintiff,                            Civil Case No.:

  v.                                                  **COMPLAINT FOR**
                                                       **DECLARATORY RELIEF**

ALLIED WORLD SURPLUS LINES INSURANCE
COMPANY, 333 PARK SLOPE CONDOS, LLC,
ROGERS & DAWSON BUILDING COMPANY LLC
AND CARLOS ARRIECHI RODRIGUEZ

                Defendants.
-------------------------------------------------------------x

       Plaintiff, PELEUS INSURANCE COMPANY (hereinafter referred to as "Peleus" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, ALLIED WORLD SURPLUS LINE INSURANCE COMPANY ("Allied"), 333 PARK SLOPE CONDOS, LLC ("333"), ROGERS & DAWSON BUILDING COMPANY LLC ("Rogers") (collectively "333/Rogers") and CARLOS ARRIECHI RODRIGUEZ ("Rodriguez").

## NATURE OF THE ACTION

       1.      In this action, Peleus seeks a declaration that Allied is obligated to defend and indemnify Allied's insureds, 333/Rogers, in connection with an Underlying Action.

       2.      Alternatively, Peleus seeks a declaration that it is does not owe insurance coverage under Peleus Insurance Company Policy 600 GL 0202717-00 which was issued to 333/Rogers for the July 26, 2021 to July 26, 2022 policy period ("Peleus Policy") in connection with any claims relating to an underlying action captioned, *Carlos Arriechi Rodriguez v. 333 Park Slope Condos LLC, American Development Group LLC, Union Construction Group LLC and Rogers & Dawson*

*Building Co., LLC*; Supreme Court, Kings County, Index No.: 513594/2023 ("Underlying Action") and a Third-Party Action entitled, *333 Park Slope Condos LLC and Rogers & Dawson Building Co., LLC v. Concrete Works Corp. and Construction Affiliates, Inc.* ("Third-Party Action") due to 333/Rogers's failure to comply with the terms and conditions of the Peleus Policy and its failure to satisfy conditions precedent to coverage.

3. This action further seeks a declaration that Peleus is entitled to withdraw its defense of 333/Rogers in the Underlying Action, as well as the prosecution of 333/Rogers' Third-Party Action, based on the absence of coverage under the Peleus Policy.

## PARTIES

4. At all times material hereto, Peleus was and is a Virginia insurance company with its principal place of business in Cook County, Illinois.

5. At all times material hereto, Allied was and is a New Hampshire insurance company with its principal place of business in Concord, New Hampshire.

6. At all times material hereto, 333 is a Limited Liability Company domiciled in New York with its principal place of business in Nassau County, New York.

7. At all times material hereto, Rogers is a Limited Liability Company domiciled in New York with its principal place of business in Nassau County, New York.

8. At all times material hereto, Rodriguez was domiciled in the State of New York and commenced the Underlying Action in Kings County Supreme Court.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy related to the Underlying Action exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Rodriguez alleges that he was permanently injured in the Underlying Action, with injuries to his head and body, resulting in him becoming disabled.

11. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

12. Personal jurisdiction over Allied is proper as it is a New Hampshire insurance company, is domiciled in New Hampshire and conducts business in the State of New York.

13. Personal jurisdiction over 333 is proper as it is a New York Limited Liability Company and conducts business in the State of New York.

14. Personal jurisdiction over Rogers is proper as it is a New York Limited Liability Company and conducts business in the State of New York.

15. Personal jurisdiction over Rodriguez is proper as he commenced the Underlying Action in Kings County Supreme Court.

16. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICIES

17. Allied issued Commercial General Liability Policy 5061-0009-01 to Concrete Works Corp. ("Concrete") for the policy period of September 17, 2022 to September 17, 2023 ("Allied Policy").

18. The Allied Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

19. 333/Rogers qualify as Additional Insureds under the Allied Policy on a primary and non-contributory basis.

20. Peleus issued Commercial General Liability Policy 600 GL 0202717-00 to 333/Rogers for the policy period of July 26, 2021 to July 26, 2022.

21. The Peleus Policy contains, as a condition precedent to coverage, a Contractor Warranty – Split Schedule endorsement.

## CONTRACT

22. In a February 2022 contract, Concrete agreed to procure insurance on behalf of 333/Rogers, and to name 333/Rogers as Additional Insureds on a primary and non-contributory basis on its own insurance policy with Allied.

## ACCIDENT AND UNDERLYING LAWSUIT

23. On or about May 8, 2023, a lawsuit captioned, *Carlos Arriechi Rodriguez v. 333 Park Slope Condos LLC, American Development Group LLC, Union Construction Group LLC and Rogers & Dawson Building Co., LLC*; Supreme Court, Kings County, Index No.: 513594/2023 was commenced ("Underlying Action").

24. In the Underlying Action, Rodriguez claims that on February 24, 2023 he was working at 333 14th Street, Brooklyn, New York 11215 when he fell and was injured.

25. On August 31, 2023, a Third-Party Action was filed entitled, *333 Park Slope Condos LLC and Rogers & Dawson Building Co., LLC v. Concrete Works Corp. and Construction Affiliates, Inc.*

## TENDERS

26. On March 15, 2023, Peleus tendered to Allied on behalf of 333/Rogers.

27. On June 26, 2023, Allied issued correspondence to Rodriguez's counsel, advising that Allied was declining coverage in connection with the Underlying Action. Peleus was copied on the email to this correspondence.

28. Allied has improperly failed to defend and indemnify 333/Rogers in connection with the Underlying Action under the Allied Policy.

29. Allied is estopped from denying coverage to 333/Rogers and has waived all potential coverage defenses under the Allied Policy.

30. Peleus has been forced to defend 333/Rogers in the Underlying Action and has incurred defense costs and expenses because of Allied's improper refusal to defend and indemnify 333/Rogers.

31. An actual controversy exists between Peleus and Allied with respect to Allied's duty to defend and to indemnify 333/Rogers in connection with the Underlying Action.

32. Peleus has no adequate remedy at law.

## **CORRESPONDENCE**

33. On May 15, 2023, Peleus provided an acknowledgment letter to 333/Rogers regarding the alleged loss and assigned a claim number and adjuster.

34. On May 19, 2023, Peleus issued a reservation of rights to 333/Rogers, advising that it was investigating the claim, and expressly reserved all rights under the Contractor Warranty – Split Schedule endorsement.

35. Peleus retained Litchfield Cavo LLP as counsel on behalf of 333/Rogers.

36. On or about June 26, 2023, Peleus learned that Allied denied coverage regarding the Underlying Action.

37. On July 7, 2023, Peleus disclaimed coverage to 333/Rogers under the Peleus Policy pursuant to 333/Rogers' violation of the Contractor Warranty – Split Schedule endorsement and referenced the disclaimer by Allied to Concrete.

38. Specifically, a subcontractor did not maintain "adequate insurance" as defined in the Peleus Policy.

39. This breach of a condition precedent vitiates coverage under the Peleus Policy and therefore there is no coverage under the Peleus Policy.

40. Peleus has been forced to defend 333/Rogers in the Underlying Action and has incurred costs and expenses because of 333/Rogers's failure to comply with the terms and conditions of the Peleus Policy.

41. An actual controversy exists between Peleus and 333/Rogers with respect to Peleus' obligations under the Peleus Policy.

42. Peleus has no adequate remedy at law.

**CAUSE OF ACTION FOR DECLARATORY RELIEF AGAINST ALLIED**

43. Peleus repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "42" above as if fully set forth herein.

44. The subject accident and the Underlying Action fall within coverage afforded by Allied under the Allied Policy.

45. 333/Rogers are Allied's insureds under the Allied Policy and are entitled to defense and indemnity from Allied in connection with the subject accident and the Underlying Action.

46. Allied must provide primary and noncontributory coverage for the subject accident and the Underlying Action to 333/Rogers under the Allied Policy.

47. As a result of its violation of New York Insurance Law §3420, Allied is estopped from denying coverage to 333/Rogers and has waived all potential coverage defenses under the Allied Policy.

6

48. Peleus is entitled to a declaration that Allied has a duty to defend and indemnify 333/Rogers on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Peleus for past defense costs and expenses incurred for 333/Rogers as Additional Insureds under the Allied Policy.

**SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST ALLIED**

49. Peleus repeats and re-alleges the allegations contained in paragraph "1" through paragraph "48" as if fully set forth herein.

50. The subject accident and the Underlying Action fall within the coverage afforded by Allied under the Allied Policy.

51. All terms and conditions of the Allied Policy have been complied with and met.

52. Allied is obligated to defend and to indemnify 333/Rogers on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Allied Policy.

53. Allied has breached its obligations by refusing to defend and to indemnify 333/Rogers in connection with the subject accident and the Underlying Action under the Allied Policy.

54. As a result of its violation of New York Insurance Law §3420, Allied is estopped from denying coverage to 333/Rogers and has waived all potential coverage defenses under the Allied Policy.

55. As a result of Allied's breach of its obligation to defend and to indemnify 333/Rogers in connection with the subject accident and the Underlying Action, Peleus has been required to incur defense costs that should have been incurred by Allied and continues to do so.

4881-2537-2570, v. 3

56. Peleus has suffered and will continue to suffer damages on account of Allied's refusal to fulfill its obligations to defend and to indemnify 333/Rogers in connection with the subject accident and the Underlying Action.

57. Allied is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify 333/Rogers in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

## CAUSE OF ACTION FOR DECLARATORY RELIEF AGAINST 333/ROGERS

58. Peleus repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "57" above as if fully set forth herein.

59. The Peleus Policy only provides coverage pursuant to its terms and conditions.

60. The Contractor Warranty – Split Schedule endorsement required 333/Rogers to secure an executed contract with all subcontractors, that the subcontractors name 333/Rogers as an Additional Insured on their policies, that the subcontractors maintain adequate insurance as defined by the Peleus Policy, and that the subcontractors hold 333/Rogers harmless and indemnify 333/Rogers.

61. The Peleus Policy contains the following endorsement which excludes coverage pursuant to its terms:

**CONTRACTOR WARRANTY – SPLIT SCHEDULE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULES**

| **Schedule A** |
|---|
| **No Coverage Applies If Contractor Conditions Not Met** <br><br> **Description of Designated Operation(s):** <br><br> All work, activities, or operations involving any of the following: land excavation, building foundation formation, load bearing beam installation, load bearing beam removal, structural steel installation, structural steel removal, elevator shaft work, boilers, fire suppression systems, or performed on the exterior of any building or structure. |
| **Specified Location(s):** |
| **Contractor's Commercial General Liability Limits of Insurance Requirements:** <br><br> Each Occurrence Limit: $5,000,000 <br><br> General Aggregate Limit: $5,000,000 <br><br> Products/Completed Operations Aggregate Limit: $5,000,000 |

| **SCHEDULE B** |
|---|
| **No Coverage Applies If Contractor Conditions Not Met** <br> **Contractor's Commercial General Liability Limits of Insurance Requirements:** <br><br> Each Occurrence Limit: $2,000,000 <br><br> General Aggregate Limit: $2,000,000 <br><br> Products/Completed Operations Aggregate Limit: $2,000,000 |

A. **SECTION IV – COMMERCIAL GENERAL LABILITY CONDITIONS** is amended by the addition of the following:

    1. **No Coverage Applies If Contractor Conditions Not Met** (SCHEDULE A above applies)

        We will have no duty to defend or indemnify any insured if prior to the commencement of any work the insured fails to satisfy all conditions precedent to coverage set forth below with respect to the designated

operations described and locations specified in SCHEDULE **A** above.  The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.

The insured hereby warrants and agrees that any "contractor" has complied with all of the following conditions prior to the commencement of any work performed:

**a.**  The "contractor" has signed and executed an agreement with the insured which remains in force and effective until the date on which the work is completed and contains the following provisions:

**(1)**  An agreement to defend, indemnify, and hold the insured harmless, to the fullest extent permitted by law, against all losses arising out of the work performed by or on behalf of any such "contractor", including all expenses and legal fees incurred to defend claims alleging such losses; and

**(2)**  A requirement for the "contractor" to name the insured as an Additional Insured under their Commercial General Liability policy on a primary and non-contributory basis in favor of the insured.

**b.**  The "contractor" has maintained "adequate insurance";

**c.**  The "contractor" has provided the insured with current Certificates of Insurance evidencing Commercial General Liability and Workers' Compensation and Employer's Liability coverage; and

**d.**  All documents required must be kept on file and made available at our request.

**2.**  **No Coverage Applies If Contractor Conditions Not Met** (SCHEDULE **B** above applies)

We will have no duty to defend or indemnify any insured if prior to the commencement of any work the insured fails to satisfy all conditions precedent to coverage set forth below with respect to all operations and locations not described or specified in SCHEDULE **A** above. The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.

10

      The insured hereby warrants and agrees that any "contractor" has complied with all of the following conditions prior to the commencement of any work performed:

    **a.**    The "contractor" has signed and executed an agreement with the insured which remains in force and effective until the date on which the work is completed and contains the following provisions:

        **(1)**    An agreement to defend, indemnify, and hold the insured harmless, to the fullest extent permitted by law, against all losses arising out of the work performed by or on behalf of any such "contractor", including all expenses and legal fees incurred to defend claims alleging such losses; and

        **(2)**    A requirement for the "contractor" to name the insured as an Additional Insured under their Commercial General Liability policy on a primary and non-contributory basis in favor of the insured.

    **b.**    The "contractor" has maintained "adequate insurance";

    **c.**    The "contractor" has provided the insured with current Certificates of Insurance evidencing Commercial General Liability and Workers' Compensation and Employer's Liability coverage; and

    **d.**    All documents required must be kept on file and made available at our request.

B.    The **DEFINITIONS** Section is amended by the addition of the following:

"Adequate insurance" means Commercial General Liability Insurance, Workers' Compensation and Employer's Liability Insurance written by an insurance carrier with an A.M. Best rating of not less than A-VII and which:

    **a.**    Remains in full force and effect without a lapse in coverage from the date on which the contract for work being performed for the insured or on the insured's behalf is executed until the date on which the work is completed;

    **b.**    Provides Commercial General Liability Limits of Insurance for such operations that are equal to or greater than the Limits of Insurance indicated in SCHEDULE **A** and **B** above;

    **c.**    Provides Workers' Compensation and Employer's Liability Insurance in compliance with the statutes of the applicable state;

  **d.** Includes coverage for "bodily injury" or "property damage" arising out of work performed by the "contractor" or on behalf of the "contractor" per the agreement with the insured;

  **e.** Does not exclude any claim, "suit", loss, cost or expense arising out of any "bodily injury" to any "worker" of the "contractor"; and

  **f.** Does not contain any conditions or provision that prelude coverage based on requirements for hiring or contracting with subcontractors or independent contractors; and

"Contractor" means contractors, subcontractors, independent contractors or any other person or entity hired to perform work for the insured or on the insured's behalf.

"Worker" means any "employee", "temporary worker", "leased worker", "volunteer worker", apprentice, intern, casual laborer, borrowed employee, borrowed servant, independent contractor or subcontractor, or any person hired to retained by them, that performs work, whether directly or indirectly for any "contractor".

62. Coverage is precluded under the above endorsement because all of the required conditions are not satisfied

63. 333/Rogers failed to comply with the requirements of the Contractor Warranty-Split Schedule condition precedent.

64. Specifically, a subcontractor did not maintain "adequate insurance" as defined in the Peleus Policy.

65. This breach of a condition precedent vitiates coverage under the Peleus Policy and therefore there is no coverage under the Peleus Policy.

66. Accordingly, no coverage is afforded under the Peleus Policy.

67. By reason of the foregoing, Peleus is entitled to a declaration that no coverage exists for 333/Rogers or any other entity under the Peleus Policy.

4881-2537-2570, v. 3

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Allied has a duty to defend and to indemnify 333/Rogers on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Allied Policy and to reimburse Peleus for past defense costs and expenses;

b. Awarding Peleus all damages incurred by virtue of Allied's breach of its obligation to defend and to indemnify 333/Rogers in connection with the subject accident and the Underlying Action;

c. Declaring that Peleus is not required to provide coverage to 333/Rogers under the Peleus Policy in connection with the Underlying Action;

d. Declaring that Peleus is entitled to withdraw its defense of 333/Rogers in connection with the Underlying Action;

e. Declaring that Peleus is entitled to withdraw its prosecution coverage on behalf of 333 in connection with the Third-Party Action;

f. Declaring that Peleus is entitled to recoup those amounts incurred in connection on behalf of 333/Rogers in the Underlying Action through judgment herein;

g. Awarding Peleus the costs and disbursements of this action; and

4881-2537-2570, v. 3

h. Awarding such other relief as this Court may deem just and proper.

Dated: New York, New York
March 29, 2024

                LONDON FISCHER LLP

                <u>/s/ William J. Edwins</u>
By:  James Walsh
      William J. Edwins
      Attorneys for Plaintiff
      Peleus Insurance Company
      59 Maiden Lane, 39th Floor
      New York, New York 10038
      (212) 972-1000
      Our File No.: 417.0567226